Kelly, J.
(dissenting). I respectfully dissent.
I agree with the trial court that it had no choice but to dismiss the charges against defendant because to do otherwise would violate the principles of double jeopardy. I find People v Rushin, 37 Mich App 391; 194 NW2d 718 (1971), controlling and disagree with the majority’s conclusion that a “rule of reasonableness” can be used to infer the intent of the jury.
The trial court stated in reaching its conclusion that dismissal was required:
*505 It is controlling law. First of all, I am satisfied that my attempt to correct the verdict was without legal basis. Because I’m satisfied that once the jury was discharged in this Courtroom and left the Courtroom they became 12 unsworn members of the community rather than a jury. They were no longer a jury.
This Court in Rushin, id. at 398-399, stated the following:
Once the jury has been officially discharged and left the courtroom, we hold that it is error to recall it in order to alter, amend or impeach a verdict in a criminal case. As soon as it departs the courtroom, the jury’s legal duties cease to exist; it no longer functions as a unit charged to perform a solemn task but rather as 12 unsworn members of the community; its relationship to the case has terminated. The Court cannot ascertain the influence to which the jury has been subjected after it has left the courtroom, be it for two minutes or two days. Thus, the jurors are proscribed from deliberating further in the case.
To rule that a jury could be recalled after being discharged and leaving the courtroom would not only offend the policies underlying the double jeopardy clause, but would also serve as an invitation to tamper with the jury after it had completed its deliberations. Thus, the Melton [v Commonwealth, 132 Va 703; 111 SE 291 (1922)] rule does not confer benefits solely on defendants. Rather, it also acts to preserve the integrity of a guilty verdict.
The facts of this case are clear: (1) after the jury concluded its deliberation it returned to open court to read the verdict; (2) the foreman indicated that defendant was guilty of one count of first-degree criminal sexual conduct (CSC) and one count of second-degree CSC; (3) the jurors were individually polled indicating that this was their decision; (4) after the jury was discharged the court was made aware of the verdict’s error; and (5) the jury was called back into *506 the courtroom and indicated that it intended to convict defendant on two counts of fourth-degree CSC.
I find this case to fall under the umbrella of Rushin in that once the jury is discharged it may not be called back into court to alter, amend, or impeach its verdict.[1] Id. at 398. Further, I do not find this Court’s decision in Hoffman v Monroe Public Schools, 96 Mich App 256; 292 NW2d 542 (1980), controlling in the present case. The Hoffman Court concluded:
[I]n all cases, whether civil or criminal, once the jury has been polled and discharged, its members may not challenge mistakes or misconduct inherent in the verdict. After that point, oral testimony or affidavits by the jurors may only be received on extraneous or outside errors (such as undue influence by outside parties), or to correct clerical errors or matters of form. [Id. at 261.]
Because the trial court determined the oral reading of the verdict to be the verdict of record, I cannot construe a later correction of that verdict as a mere correction of a clerical error of the written verdict form. Indeed, the verdict form does not need clarification or correction, because it indicates a verdict of guilty of fourth-degree CSC with respect to both counts. To correct the oral verdict that the trial court deemed as the verdict of record would result in an amendment or alteration of the original verdict. After the discharge of the jury, such action is in violation of the principles of double jeopardy and this Court’s deci *507 sion in Rushin. Therefore, I would find the trial court did not err in dismissing the charges against defendant.

 The lower court record contains the verdict form that the jury completed before announcing its verdict in open court. The written form indicates that the jury convicted defendant of two counts of fourth-degree esc. However, the trial court noted that it was the foreman’s presentation of the oral verdict that constituted the verdict of record. The jurors were polled on the oral verdict and not the written verdict.